IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cr-00497-JLK**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**RALPH RAUSCH,**

        Defendant.

---

**ORDER PURSUANT TO RULE 32 (h),
FEDERAL RULES OF CRIMINAL PROCEDURE**

---

Kane, J.

The sentencing of defendant previously scheduled for Wednesday, May 28, 2008 at 11:00 a.m. is VACATED and will be reset upon notice from chambers for a date in June, consistent with the court's trial docket.

I do not presently know if I will depart from the suggested applicable sentencing range, but I might depending on factors not covered to my satisfaction in the sentencing materials provided on May 21 and 22, 2008. *See United States v. Muñoz-Nava,* __ F.3d __, 2008 WL 1947011 (10th Cir. 2008). In addition, both the government and defendant's counsel have filed extensive memoranda accompanied by a large quantity of attachments. Moreover, our Probation Department's Presentence Investigation Report (including the addendum filed May 22, 2008) is more lengthy than any presentence report in other cases I have received.

When the plea of guilty was accepted in this case, I was advised that the defendant was undergoing dialysis treatment and in need of a kidney transplant, that he was on the waiting list for a suitable kidney donor and that he would lose his place on that list if sentenced. I was advised that his life depended on these treatments. I am now advised in the government's

sentencing memorandum that adequate kidney dialysis is available in the federal prisons and that indeed a kidney transplant can be obtained while the defendant is in custody. In addition to requiring more time to study the submitted memoranda and presentence report, I will need more than general assertions of the needs and definite availability of necessary medical care and services for this particular defendant before being able to impose a condign sentence. If that decision includes a prison sentence at a location distant from this court, I will need to know of the travel plans, including treatment during travel, to whatever location is selected. If I decide that a sentence to home or other institutional confinement such as that possibly offered by the Veteran's Administration, I will need to have the same degree of specificity provided.

After reviewing the materials now on file, I will advise counsel for the government and the defendant, as well as the Probation Department of any further concerns I have and give each an opportunity to respond in detail before the to-be-set sentencing hearing.

One additional point needs to be mentioned: I am keenly aware of the seriousness of this offense and the gravity and enormity of this defendant's culpability. My concerns relate solely to the medical circumstances of this defendant and the possible consequences of any disposition.

Dated this 23rd day of May, 2008.

BY THE COURT:

*S/John L. Kane*
John L. Kane, Senior Judge
United States District Court