IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00497-JLK-01

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RALPH RAUSCH,

    Defendant.

---

ORDER REINSTATING ORIGINAL TERM OF SUPERVISED RELEASE

---

This matter comes before the Court on a report from the probation officer that defendant violated conditions of his supervised release. On May 13, 2010, defendant admitted to alleged Violation Nos.1 through 4 in the probation officer's petition.

ORDERED that the defendant's supervision be reinstated to the original term, and that all previously imposed conditions of supervision remain in full force and effect.

FURTHER ORDERED 1) that the defendant's special conditions shall include:

1. The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 180 days, to commence at the direction of the Probation Office, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than the 180 days by the Probation Office, if the defendant is determined to be in full compliance with the conditions of supervision. During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC and approved by the Court. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

2. Within 21 days of release from the residential treatment center, the defendant shall be placed on home detention for a period of as long as the probation office

requires, to commence upon the direction of the probation officer.  During this period, the defendant shall remain at his place of residence at all times.  With the advance approval of the Probation Office, Mr. Rausch may be permitted to leave home confinement on a scheduled basis for purposes of receiving medical, psychological and spiritual treatment, counseling, and physical therapy.  He may attend church services and activities and obtain special advanced permission to attend events such as weddings and funerals, such permission to be granted or withheld in the sole discretion of the Probation Office.  Any modifications of these conditions may be obtained only upon order of the Court.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones.  The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3. The defendant shall not be permitted to own or use a computer or in any way, obtain connections with any internet server, and shall not possess, borrow, view or read any pornography, child or adult, in any manner.  He shall not be permitted to use a telephone or other device for calls to or from any commercial vendor of sexually oriented conversation or service, or any amateur collector of such things.  It shall be the duty of the Probation Office to enforce these conditions by whatever methods it deems appropriate.  Mr. Rausch shall provide written agreement and consent to these conditions and methods or probation will not be implemented.

4. The defendant shall register as a sex offender in any jurisdiction where Mr. Rausch resides, is employed, carries on a vocation, or is a student or patient, as directed by the Probation Office.  In addition, the Adam Walsh Child Protection and Safety Act requires that Mr. Rausch register as a sex offender in the City and County of Denver, Colorado, if this jurisdiction differs from his jurisdiction of residence.

5. The defendant shall participate in and successfully complete a program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

6. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

DATED at Denver, Colorado, this 17th day of May, 2010.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE
Senior United States District Judge