# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Supervised Release) |
| v. | Case Number:  07-cr-00497-JLK-01 |
| | USM Number:  35343-013 |
| RALPH RAUSCH | Virginia L. Grady, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty of violation 1 after denial of guilt.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Comply with Special Condition (Participate and Successfully Complete a Program of Sex Offender Treatment and Evaluation) | 06/30/2010 |

    The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the Court file and retained by the United States Probation Department.

August 17, 2010
Date of Imposition of Judgment

*S/John L. Kane*
Signature of Judge

John L. Kane, Senior U.S. District Judge
Name & Title of Judge

August 24, 2010
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-four (24) months.

The defendant may remain in the residential reentry center where he is presently situated until such time as he is notified by the Bureau of Prisons that he must go elsewhere.

The Court strongly recommends to the Bureau of Prisons, and directs the probation officer to notify the Bureau of Prisons, that any furlough be permitted so the defendant can receive a kidney transplant at the University of Colorado Health Sciences Center and a furlough necessary for recovery from such transplant and follow-up treatment as is determined to be medically appropriate.

Whatever medical treatment is needed by the defendant, in the meantime, shall be provided by the Bureau of Prisons and before the defendant is removed from the residential reentry center where he is, the Court shall be notified in writing what those plans are by the Bureau of Prisons. The Court will look at the plan to see how the defendant is to be transported and to where he will be transported. The defendant may stay at the residential reentry center and is entitled to leave for his dialysis treatments until such time as the Bureau of Prisons comes up with an appropriate plan.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of life.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) Upon release from custody, the defendant shall reside in an approved residential reentry center (RRC) for a period of up to 180 days, to commence at the direction of the Probation Office, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than 180 days by the Probation Office, if the defendant is determined to be in full compliance with the conditions of supervision. During the defendant's residential reentry center stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

2) The defendant shall be placed on home detention for a period of as long as the Probation Office requires, to commence upon the direction of the probation officer as approved by the Court. During this period, the defendant shall remain at his place of residence at all times. With the advance approval of the Probation Office, Mr. Rausch may be permitted to leave home confinement on a scheduled basis for purposes of receiving medical, psychological and spiritual treatment, and counseling. He may attend church services and activities and obtain special advanced permission to attend events such as weddings and funerals, such permission to be granted or withheld in the sole discretion of the Probation Office. Any modifications of these conditions may be obtained only upon written order of the Court. This period of home detention shall be enforced by electronic monitoring. To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones. The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3) The defendant shall not be permitted to own or use a computer or in any way, obtain connections with any internet server, and shall not possess, borrow, view or read any

pornography, child or adult, in any manner. He shall not be permitted to use a telephone or other device for calls to or from any commercial vendor of sexually oriented conversation or service. It shall be the duty of the Probation Office to enforce these conditions by whatever methods it deems appropriate. Mr. Rausch shall provide written agreement and consent to these conditions and methods or supervised release will not be implemented and the defendant will be returned to custody.

4) The defendant shall register as a sex offender in any jurisdiction where he resides, is employed, carries on a vocation or is a student or patient, as directed by the Probation Office. In addition, the Adam Walsh Child Protection and Safety Act requires that Mr. Rausch register as a sex offender in the City and County of Denver, Colorado, if this jurisdiction differs from his jurisdiction residence.

5) The defendant shall participate in and successfully complete a program of sex offender evaluation and treatment, which may include polygraph and plethysmograph examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports, medical reports and any other information contained in or supporting a presentence report and supervised release violation reports, to any treatment agency for continuity of treatment.

6) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the any treatment agency all such reports as set forth above.